



1

Electronically Filed
3/1/2018 4:20 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
jeff@whiteheadburnett.com
Gary Burnett, Esq.
Nevada Bar No. 7632
gary@whiteheadburnett.com
**WHITEHEAD & BURNETT**
6980 O'Bannon Drive
Las Vegas, Nevada 89117
(702) 267-6500 Telephone
(702) 267-6262 Facsimile
*Attorneys for Manish Patel*

## IN THE EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY NEVADA

| | |
|---|---|
| MANISH PATEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a Foreign Entity; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendant(s). | Case No.: A-18-770401-C<br><br>Dept. No.: Department 16<br><br>**COMPLAINT FOR DAMAGES (EXEMPT FROM ARBITRATION EQUITABLE RELIEF)** |

MANISH PATEL by and through his counsel of record, Jeffrey J. Whitehead, Esq., of the law offices of WHITEHEAD & BURNETT, and for his causes of action against the above named Defendant, each of them hereby complains as follows:

### NATURE OF THE ACTION

In this action, Plaintiff, MANISH PATEL, assert claims for Breach of Contract, Breach of the Covent of Good Faith and Fair Dealing and violation of NRS § 686(A).310. Plaintiff is seeking compensatory damages and punitive damages, as well as, attorneys' fees and costs.

Plaintiff states as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters.

1

## PARTIES JURISDICTION VENUE

1. MANISH PATEL (hereinafter referred to as "PATEL") is a resident of the City of Las Vegas, County of Clark, State of Nevada.

2. AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY (hereinafter referred to as "ANPAC"), is a foreign entity authorized to sell insurance within the County of Clark, State of Nevada.

3. The **Insured Location** which is the subject of this instant action is 5645 North Juliano Rd., Las Vegas, Nevada 89149.

4. That the incidents, transactions and occurrences that comprise the basis of this lawsuit took place in the State of Nevada, County of Clark.

5. That the venue is proper in the Eighth Judicial District Court, Clark County, Nevada.

6. That the true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES 1 through 10, and ROE CORPORATIONS 1 through 10, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names; Plaintiff is informed and believe and therefore allege that each of the Defendants designated herein as a DOE and ROE CORPORATIONS are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of DOES 1 through 10 and ROE CORPORATIONS 1 through 10, when the same have been ascertained and to join such Defendants in this action.

## STATEMENT OF THE FACTS

7. On or about January 18, 2017, PATEL contracted for and paid for a homeowner's insurance policy with ANPAC (The "Policy"). The Policy specifically confirmed: $491,100 in coverage for the respective dwelling, $49,100 in coverage for other structures, $368,330 in unscheduled personal property damage, and $122,775 for loss of use, in addition to other coverage for all items contained in and on the property commonly known as: 5645 North Juliano Rd., Las Vegas, Nevada 89149.

8. On or about March 3, 2017, the septic tank backed up and flooded PATEL's residence. The flood was a category three water loss, which could contain bacteria and infectious diseases.

9. On March 6, 2017 PATEL filed an insurance claim with ANPAC and received the following claim Number: 27-H-3FL031.

10. ANPAC's Policy confirmed that ANPAC would pay for accidental direct physical loss to your dwelling and other structures unless an exclusion applies.

11. PATEL reported all the loss and damaged items to ANPAC and provided them with accurate costs of replacement.

12. ANPAC in bad faith and without a good faith basis denied compensation for the property that was damaged as described on the attached *Exhibit "1"*, and ANPAC has failed to pay for any loss of use, despite due and proper demand.

13. PATEL made demand for coverage on these items and provided proof that these items should be covered under the home owners' insurance policy but ANPAC continue to act in bad faith and deny coverage.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Breach of Contract)**

14. Plaintiff incorporates all previously alleged paragraphs as though alleged full herein.

15. PATEL and ANPAC entered into a valid contract in which PATEL would make regular premium payments and ANPAC would provide him with home owners' Insurance for the items contained in side the subject residence.

16. On or about November 20, 2017 and again on February 28, 2018, Plaintiff made demand to ANPAC for the value of the items which where reported damaged and destroyed.

17. As of the date of filing this Complaint, Defendant has failed to pay any amounts to Plaintiff for the losses claimed.

18. A contract exists between Plaintiff and Defendant.

19. Plaintiff has performed all of the conditions of the contract required to be performed on his part.

3

20. Implied within the contract is an obligation by Defendant to timely tender the insurance proceeds to Plaintiff and to promptly, fairly and equitably process any claim.

21. Without legal excuse or justification, Defendant breached the contract by failing to pay PATEL'S claims due and owing any by failing to promptly, fairly, and equitably process Plaintiff's claim.

22. As a proximate cause and foreseeable result of ANPAC's breaches, PATEL has suffered general and special damages in excess of $10,000.

23. As a result of ANPAC' breaches, PATEL has been required to retain an attorney and is entitled to such attorney fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

24. Plaintiff incorporates all previously alleged paragraphs as though alleged full herein.

25. There is an implied covenant of good faith and fair dealing in the contract that Defendants, and each of them, will do anything to injure the rights of the Plaintiff to obtain benefits due and owing under the contract. Consistent with the duty of good faith and fair dealing, an implied obligation exists that Defendants would promptly, fairly, and equitable process any claim by Plaintiff for loss covered under the subject insurance policy.

26. By failing to reasonably investigate Plaintiff's claim; by failing to promptly settle and process Plaintiff's claim; by forcing Plaintiff to file suit to obtain their benefits; by failing to keep Plaintiff's reasonably informed regarding the developments of his claim; by failing to timely respond to Plaintiff's inquiries; by unreasonably withholding insurance benefits; by creating false issues, by placing its interests ahead of its insureds'; by failing to advise Plaintiff of the reasons for not accepting or rejecting the claim; and by other wrongful conduct, Defendants have breached their duty of good faith and fair dealing. Further, Defendants knew it had no reasonable basis for its conduct or acted in reckless disregard of that fact.

27. As a direct and proximate result of Defendants' breach of their duty of good faith and fair dealing, PATEL has suffered general and special damages in an amount in excess of $10,000.

4

28. As a result of the bad faith, PATEL has been required to retain an attorney and is entitled to such attorney fees and costs.

29. By engaging in its bad faith conduct, Defendants have acted fraudulently, oppressively, and in malicious disregard for Plaintiff's rights. Therefore, PATEL seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

30. As a proximate cause and foreseeable result of ANPAC's breaches, PATEL has suffered general and special damages in excess of $10,000.

31. As a result of ANPAC's breaches, PATEL has been required to retain an attorney and is entitled to such attorney fees and costs.

### THIRD CLAIM FOR RELIEF

### (Violations of Nevada's Unfair Claims Practices Act NRS §686A.310(e)

32. Plaintiff incorporates all previously alleged paragraphs as though alleged full herein.

33. Plaintiff filed his claim pursuant to the terms and conditions set forth the Home Owner Insurance policy.

34. Plaintiff provided a comprehensive list of all the items which were damaged and the replacement costs.

35. Defendant ANPAC has failed to effectuate a prompt, fair and equitable settlement of PATEL's claim in which liability of ANPAC is reasonably clear.

36. By engaging in its bad faith conduct, ANPAC have acted fraudulently, oppressively, and in malicious disregard for PATEL's rights. Therefore, PATEL seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

37. As a proximate cause and foreseeable result of ANPAC's bad faith, PATEL has suffered general and special damages in excess of $10,000.

38. As a result of ANPAC's tortious conduct, PATEL has been required to retain an attorney and is entitled to such attorney fees and costs.

### FOURTH CAUSE OF ACTION

### (Intentional Refusal to Pay Insurance Benefits)

39. Plaintiff incorporates all previously alleged paragraphs as though alleged full herein.

5

40. PATEL made his payments in a timely manner pursuant to the terms and conditions of the contract creating the existence of an insurer/insured relationship.

41. PATEL made his premium payments with the reasonable expectation that those funds would be deposited into a central fund upon which claims are paid upon demand.

42. ANPAC intentionally refused to pay on Mr. PATEL's claim even when confronted with overwhelming evidence to support that all the items contained in *Exhibit "1"* were damaged, and that Mr. PATEL is entitled to loss of use damages.

43. As a proximate cause and foreseeable result of ANPAC's intentional, malicious, willful, wanton and reckless actions, PATEL has suffered general and punitive damages in excess of $10,000.

44. As a result of ANPAC's reprehensible conduct, PATEL has been required to retain an attorney and is entitled to such attorney fees and costs.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)

45. Plaintiff incorporates all previously alleged paragraphs as though alleged full herein.

46. That PATEL and ANPAC entered into a valid home owners' insurance policy in which ANPAC was to provide insurance for the PATEL's property contained in the residence located at 5645 North Juliano Rd., Las Vegas, Nevada 89149.

47. PATEL paid his premiums pursuant to the policy and when it came time to make demand against said policy, Defendant ANPAC acted in bad faith and denied the claim.

48. An actual controversy exists between the parties and it has become necessary of the judicial determining to resolve this actual controversy.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, and each of them as follows:

1. For general damages against Defendants in excess of $10,000 in an amount to be determined at trial;

2. For special damages against Defendants on excess of $10,000 in an amount to be determined at trial;

6

3. For punitive damages against Defendants in an amount to be determined at trial;
2. 4. For reasonable attorney's fees according to proof;
3. 5. For Declaratory Relief; and
4. 6. For interest and costs of the suit;

Dated this 1st day of March, 2018.

**WHITEHEAD & BURNETT**

By: /s/ *Jeffrey J Whitehead*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
jeff@whiteheadburnett.com
Gary Burnett, Esq.
Nevada Bar No. 7632
gary@whiteheadburnett.com
6980 O'Bannon Drive
Las Vegas, Nevada 89117
(702) 267-6500 Telephone
(702) 267-6262 Facsimile
*Attorneys for Andre PATEL*

7

B

B

Electronically Filed
3/1/2018 4:20 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
jeff@whiteheadburnett.com
Gary Burnett, Esq.
Nevada Bar No. 7632
gary@whiteheadburnett.com
**WHITEHEAD & BURNETT**
6980 O'Bannon Drive
Las Vegas, Nevada 89117
(702) 267-6500 Telephone
(702) 267-6262 Facsimile
*Attorneys for Manish Patel*

## IN THE EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY NEVADA

| | |
|---|---|
| MANISH PATEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a Foreign Entity; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendant(s). | Case No.: A-18-770401-C<br><br>Dept. No.: Department 16 |

**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

MANISH PATEL (Plaintiff) ............................................... $270.00

///
///
///
///
///
///

1

| | |
|---|---|
| 1 | **Total** .................................................................................... **$270.00** |

DATED this 1st day of March, 2018.

**WHITEHEAD & BURNETT**

By: <u>/s/ Jeff Whitehead, Esq.</u>
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
jeff@whiteheadburnett.com
Gary Burnett, Esq.
Nevada Bar No. 7632
gary@whiteheadburnett.com
6980 O'Bannon Drive
Las Vegas, Nevada 89117
(702) 267-6500 Telephone
(702) 267-6262 Facsimile
*Attorneys for Plaintiff*

Electronically Issued
3/1/2018 4:21 PM

Electronically Filed
4/2/2018 9:40 AM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
jeff@whiteheadburnett.com
Gary Burnett, Esq.
Nevada Bar No. 7632
gary@whiteheadburnett.com
**WHITEHEAD & BURNETT**
6980 O'Bannon Drive
Las Vegas, Nevada 89117
(702) 267-6500 Telephone
(702) 267-6262 Facsimile
*Attorneys for Manish Patel*

## IN THE EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY NEVADA

| | |
|---|---|
| MANISH PATEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a Foreign Entity; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendant(s). | Case No.:   A-18-770401-C<br><br>Dept. No.:   Department 16 |

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN 20 DAYS. READ THE INFORMATION BELOW CAREFULLY.**

**To the Defendant: AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY**

A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to recover the relief requested in the complaint, which could include a money judgment against you or some other form of relief.

1

If you intend to defend this lawsuit, within 20 days after this Summons is served on you (not counting the day of service), you must:

1. File with the Clerk of the Court, whose address is shown below, a formal written response (typically a legal document called an "answer," but potentially some other response) to Plaintiff's complaint.
2. Pay the required filing fee to the court, or file an Application to Proceed In Forma Pauperis and request a waiver of the filing fee.
3. Serve (by mail or hand delivery) a copy of your response upon the Plaintiff whose name and address is shown below.

If you fail to respond, the Plaintiff can request your default. The court can then enter judgment against you for the relief demanded by the Plaintiff in the complaint, which could result in money or property being taken from you or some other relief requested in Plaintiff's complaint. If you intend to seek an attorney's advice, do it quickly so that your response can be filed on time.

STEVEN D. GRIERSON, CLERK OF COURT

By: _____ 3/2/2018
Deputy Clerk Date: Allison Behrhorst
Regional Justice Center 200 Lewis Avenue Las Vegas, Nevada 89155

Issued at the request of

Dated this 1st day of March, 2018.

**WHITEHEAD & BURNETT**

By: /s/ *Jeffrey J Whitehead*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
jeff@whiteheadburnett.com
Gary Burnett, Esq.
Nevada Bar No. 7632
gary@whiteheadburnett.com
6980 O'Bannon Drive
Las Vegas, Nevada 89117
*Attorneys for Manish Patel*

2

AOS

# DISTRICT COURT, CLARK COUNTY
## CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| MANISH PATEL | Plaintiff | CASE NO: A-18-770401-C |
| vs | | HEARING DATE/TIME: |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY | Defendant | DEPT NO: 16 |

## AFFIDAVIT OF SERVICE

PATRICK J. PEREGRIN being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, INITIAL APPEARANCE FEE DISCLOSURE, on the 20th day of March, 2018 and served the same on the 22nd day of March, 2018, at 15:10 by:

serving the servee AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY C/O REGISTERED AGENT AGENCY SERVICES OF NEVADA by personally delivering and leaving a copy at (address) 245 E LIBERTY ST, STE 200, RENO NEVADA 89501 with RITA COLFAX, AUTHORIZED TO ACCEPT pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

PER RITA, THEY ARE NOT THE REGISTERED AGENT; SHOWED NEVADA SECRETARY OF STATE PAGE AND ACCEPTED SERVICE

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this __22__ day of __Mar__, __2018__.

PATRICK J. PEREGRIN
Lic 908

Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068
Copyright © 2018 Junes Legal Service, Inc. and Outside The Box
EP137785 PATEL, MANISH