# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MANISH PATEL,

        Plaintiff,

vs.

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,

        Defendant.

Case No.: 2:18-cv-00667-GMN-GWF

**ORDER**

Pending before the Court is Defendant American National Property and Casualty Company's ("Defendant") Motion to Dismiss, (ECF No. 6), or in the alternative, Motion for a More Definite Statement or to Sever/Bifurcate and to Stay Claims for Bad Faith, (ECF No. 7). Plaintiff Manish Patel ("Plaintiff") filed a single Response, (ECF No. 9), and Defendant filed a single Reply, (ECF No. 10). For the reasons discussed below, Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**. Further, Defendant's Motion for a More Definite Statement or to Sever/Bifurcate and to Stay Claims for Bad Faith, (ECF No. 7), is **DENIED as moot**.

## I.    BACKGROUND

This case arises from Plaintiff's homeowner's insurance claim against Defendant insurer. (*See* Compl., ECF No. 1-1). Plaintiff alleges that in January 2017, he contracted for and paid for a homeowner's insurance policy with Defendant. (*Id.* ¶ 7). Plaintiff further alleges that on or about March 3, 2017, the "septic tank backed up" and flooded Plaintiff's home. (*Id.* ¶ 8). Three days later, Plaintiff filed an insurance claim with Defendant. (*Id.* ¶ 9). Plaintiff alleges that he "reported all the loss and damaged items to [Defendant] and provided [it] with accurate costs of replacement." (*Id.* ¶ 11). Plaintiff further alleges that Defendant "denied

compensation for the property that was damaged . . . and failed to pay for any loss of use, despite due and proper demand." (*Id.* ¶ 12).[1]

On March 1, 2018, Plaintiff filed his Complaint in Clark County District Court alleging the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of Nevada's Unfair Claims Practices Act; (4) intentional refusal to pay insurance benefits; and (5) declaratory relief. Defendant subsequently removed the action to federal court. Now, Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement or to sever and stay claims for bad faith, (ECF Nos. 6, 7).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

---

[1] Plaintiff does not make factual allegations regarding the nature of the damaged items, the loss of use, or the "costs of replacement." While Paragraph 12 of the Complaint states that "[Defendant] in bad faith and without good faith basis denied compensation for the property that was damaged as described in Exhibit 1," no such exhibit is attached. (Compl. ¶ 12). Paragraph 42 also references the missing exhibit: "[Defendant] intentionally refused to pay on [Plaintiff's] claim even when confronted with overwhelming evidence to support that all the items contained in Exhibit 1 were damaged, and [Plaintiff] is entitled to loss of use damages." (*Id.* ¶ 42). In his Response, Plaintiff explains that the exhibit, which he accidentally omitted, is "the demand letter dated February 28, 2018 including a list of damaged items filed with [Defendant]. . . ." (Resp. 4:6–8, ECF No. 9). Plaintiff further states that said demand letter is attached to his Response as "Exhibit 2." (*Id.* 4:24–26). But again, Plaintiff fails to attach the letter as an exhibit.

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

In the instant Motion, Defendant argues that each of Plaintiff's causes of action should be dismissed for failure to state a claim. (*See* Mot. to Dismiss ("MTD") 3:9–10, ECF No. 6). Specifically, Defendant argues that Plaintiff's "allegations, as a matter of law, do not rise to the level necessary to demonstrate unreasonable conduct by [Defendant]." (*Id.* 3:3–4). The Court addresses the sufficiency of each cause of action in turn.

### A. Breach of Contract

"An insurance policy is a contract." *Senteney v. Fire Ins. Exch.*, 707 P.2d 1149, 1150 (Nev. 1988). In Nevada, to succeed on a claim for breach of contract a plaintiff must show: (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *see also Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987); *Brochu v. Foote Enterprises, Inc.*, No. 55963, 2012 WL 5991571 at *5 (Nev. 2012) ("To prove a breach of contract, the plaintiff must show an existing valid agreement with the defendant, the defendant's material breach, and damages.").

To support this claim, Plaintiff broadly alleges that he and Defendant "entered into a valid contract in which [Plaintiff] would make regular payments and [Defendant] would provide him with home owners' Insurance for the items contained in side [sic] the subject residence." (Compl. ¶ 15). Plaintiff further alleges that he twice "made demand to [Defendant] for the items which were reported damaged or destroyed." (*Id.* ¶ 16). Plaintiff then asserts that "Defendant breached the contract by failing to pay [Plaintiff's] claims due and owing any [sic] by failing to promptly, fairly, and equitably process Plaintiff's claims." (*Id.* ¶ 21).

Although the parties do not dispute the existence of a valid contract, Plaintiff's allegations fail to establish what terms of the contract were allegedly breached and the manner in which Defendant allegedly breached them. Without additional factual content, Plaintiff's assertion that Defendant breached the contract because it did not pay Plaintiff's claim is nothing more than a legal conclusion, and therefore insufficient under the relevant pleading standards. *See Iqbal*, 556 U.S. at 678. The Court therefore grants Defendant's Motion to Dismiss as to this claim.[2]

### B. Breach of the Covenant of Good Faith and Fair Dealing

Under Nevada law, breach of the implied covenant of good faith and fair dealing can give rise to a tort when a special relationship exists between the parties to the contract, such as the relationship between an insurer and an insured. *Insurance Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). In the insurance context, this tort is commonly

---

[2] In its Reply, Defendant argues that the subject insurance policy, which is provided as an exhibit to Plaintiff's Response, "shows that there is no coverage for [Plaintiff's] loss. And as such, not only is there no breach of contract due to no coverage obligation, but all extracontractual causes of action fail as well." (Reply 2:24–27, ECF No. 10). Specifically, Defendant argues that the policy excludes coverage for "water damage" which is defined as "damage caused by . . . water backup which includes water which reverse[s] flow or overflows from sewers, drains . . . or similar systems caused by obstruction, interference, or inadequacy of drainage and which originates off the premises." (Ins. Policy at 28, Ex. 1 to Resp., ECF No. 9-1); (Reply 4:5–10). Nevertheless, at this point in time, the Court is unable to determine whether Plaintiff's loss is necessarily subject to the exclusion. However, Defendant is not precluded from reasserting this argument should Plaintiff elect to file an amended complaint.

referred to as a claim for "bad faith." *See id.* at 703. "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). To constitute a denial "without proper cause" an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986) (citing *Peterson*, 540 P.2d at 1070). In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actionable tort, unless there was no reasonable basis for that determination. *Pioneer*, 863 F. Supp. at 1242.

Here, Plaintiff's alleges that Defendant breached the implied covenant of good faith and fair dealing

> By failing to reasonably investigate Plaintiff's claim; by failing to promptly settle and process Plaintiff's claim; by forcing Plaintiff to file suit to obtain their [sic] benefits; by failing to keep Plaintiff's [sic] reasonably informed regarding the developments of his claim; by failing to timely respond to Plaintiff's inquiries; by unreasonably withholding insurance benefits; by creating false issues, by placing its interests ahead of its insureds'; by failing to advise Plaintiff of the reasons for not accepting or rejecting the claim; and by other wrongful conduct . . . .

(Compl. ¶ 26). However, none of these allegations tend to establish that Defendant did not have proper cause to refuse to compensate Plaintiff, or that Plaintiff's alleged losses were covered by the subject insurance policy. Although Plaintiff further alleges that Defendant "knew it had no reasonable basis for [refusing to compensate Plaintiff] or acted in reckless disregard of that fact," this is merely a legal conclusion as Plaintiff fails to provide factual content which would allow the Court to reasonably infer that Defendant is liable for the misconduct alleged. (*See id.*); *Iqbal*, 556 U.S. at 678. Accordingly, the Court grants Defendant's Motion to Dismiss this claim.

### C. Unfair Claims Practices Act

Nevada Revised Statute ("NRS") § 686A.310(1)(e) deems it an unfair trade practice and imposes civil liability on an insurer for "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." This statute concerns the manner in which an insurer handles an insured's claim. *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).

Plaintiff's allegations regarding this cause of action are that Plaintiff filed his claim in accordance with the insurance contract's terms and conditions, and provided Defendant with a list of the damaged items and the replacement cost. (Compl. ¶¶ 33, 34). Plaintiff further alleges that Defendant "has failed to effectuate a prompt, fair and equitable settlement of [Plaintiff's] claim in which liability of [Defendant] is reasonably clear." (*Id.* ¶ 35). Moreover, Plaintiff alleges Defendant "acted fraudulently, oppressively, and in malicious regard for [Plaintiff's] rights," and therefore, Plaintiff seeks punitive damages. (*Id.* ¶ 36).

Plaintiff's allegations are insufficient. Plaintiff does not state how he complied with the terms and conditions of the insurance contract or what those terms were. Further, he merely recites the pertinent statutory language of NRS § 686A.310(1) without presenting any allegations showing that Defendant's liability was "reasonably clear." Moreover, Plaintiff's allegations regarding punitive damages are legal conclusions which lack requisite facts. As such, the pleading fails to provide Defendant with fair notice to properly defend against the alleged violations, and does not permit the Court to infer more than a possibility of misconduct. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (stating a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Accordingly, the Court grants Defendant's Motion to Dismiss as to this claim.

///

### D. Intentional Refusal to Pay Insurance Benefits

Plaintiff's allegations regarding this claim are essentially the same as those pled in support of his cause of action for violations of the Unfair Claims Practices Act. (*See* Compl. ¶¶ 39–44). Defendant maintains that it "is unaware of any legal theory of 'Intentional Refusal to Pay' that is not subsumed by a breach of contract or breach of the implied covenant theories." (MTD 6:17–19). In his Response, Plaintiff cites provisions of Chapter 686A of the Nevada Administrative Code ("NAC") as the basis for his claim. (*See* Resp. 4:10–5:3) (quoting NAC §§ 686A.670(2), 686A.675).

In *Allstate Ins. Co. v. Thorpe*, the Nevada Supreme Court expressly held that exclusive original jurisdiction is vested in the Nevada Division of Insurance ("NDOI") when "a party seeks to ensure compliance with the insurance code." *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 994 (Nev. 2007); NRS § 679B.120(3) (giving the Nevada Insurance Commissioner exclusive authority to enforce the provisions of the Nevada Insurance Code). In *Thorpe*, the Nevada Supreme Court also held that while failure to pursue an administrative violation with NDOI does not preclude subject matter jurisdiction in the district courts, it does render the claim unripe and therefore "nonjusticiable." *Thorpe*, 170 P.3d at 993–94.

Because the NDOI has exclusive jurisdiction over Nevada Insurance Code regulatory and administrative claims and Plaintiff has not pled that he exhausted his administrative remedies, Plaintiff fails to state a claim upon which relief can be granted. *See, e.g.*, *First Nat. Bank of Ely v. Progressive Cas. Ins. Co.*, No. 3:11-cv-00859-RCJ, 2012 WL 5944847, at *6 (D. Nev. 2012) (dismissing a claim for violations of NAC provisions); *Engel v. Hartford Ins. Co. of the Midwest*, No. 2:11–cv–01103–RCJ–PAL, 2011 WL 6131566, at *4 (D. Nev. 2011) (same); *Brown v. State Farm Fire & Cas. Co.*, No. 2:10–cv–01843–KJD–LRL, 2011 WL 2295162, at *2 (D. Nev. 2011) (same). Accordingly, the Court grants Defendant's Motion to Dismiss this claim.

**E. Declaratory Relief**

In support of his declaratory relief claim, Plaintiff alleges that he entered into a valid insurance contract with Defendant, that Plaintiff paid the insurance premiums, that Plaintiff made a demand against the insurance policy, and that Defendant acted in bad faith and denied the claim. (Compl. ¶¶ 45–47). Based on this, Plaintiff alleges that "[a]n actual controversy exists between the parties and it has become necessary of the judicial determining to resolve this actual controversy." (*Id.* ¶ 48). Once again, however, Plaintiff's allegations are insufficient. Plaintiff fails to indicate even generally what he seeks the Court to declare, making the granting of relief impossible. Accordingly, the Court grants Defendant's Motion to Dismiss this claim.

**F. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support the above causes of action. Accordingly, the Court will grant Plaintiff leave to file an amended complaint. Plaintiff shall file his amended complaint within twenty-one days of the entry of this Order if he can allege sufficient facts that plausibly establish his claims against Defendant.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a More Definite Statement or to Sever/Bifurcate and to Stay Claims for Bad Faith, (ECF No. 7), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED without prejudice**.  Plaintiff shall have twenty-one days from the entry of this Order to file an amended complaint.  Failure to file an amended complaint by this date shall result in the Court dismissing this action.

**DATED** this __20__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court